UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAYL THERESE PAYTON | CIVIL ACTION |
| VERSUS | NO. 12-1887 |
| UNITED STATE OF AMERICAN | SECTION "K"(1) |

## ORDER AND REASONS

Before the Court is the United States' Motion to Dismiss for Failure to State a Claim (Doc. 8), pro se plaintiff's Motion for Leave to File Amended Complaint (Doc. 9), Motion for Extension of Time (Doc. 10), and Motion for Leave to File Amended Complaint (Doc. 12).

On July 20, 2012, Gayl Payton filed a Complaint. Its contents in their entirety are as follows:

### COMPLAINT

PARTIES

Gayl Payton
4727 Laurel Street
New Orleans, Louisiana 70115

United States of America

COMPLAINT

This claim is under 46 USC 688

DEMAND

Mental pain and suffering $500,000.00

Date July 17, 2012

It is signed by Gayl Payton.

On October 19, 2012, the United States filed its Motion to Dismiss (Doc. 8) which was set for hearing on November 14, 2012, meaning that an opposition was due on November 6,

2012.  Plaintiff failed to file an opposition timely.  However, on November 20, 2012, she filed a Motion for Leave to File Amended Complaint "to address state of claim which relief can be granted and cause of action."  (Doc. 9).  The Amended Complaint in relevant part states as follows:

CAUSE OF ACTION

Amended Complaint
CIVIL COVER SHEET BI CAUSE OF ACTION: Negligence
Plaintiff Gayl Payton *Pro Se*, was employed with the Defendant from May 12, 1997 through May 23, 1999.  During this time Plaintiff was sexually assaulted and has undergone medical treatment which has been linked to this circumstance.

STATE OF CLAIM UPON WHICH
RELIEF CAN BE GRANTED

    At this time Plaintiff would like to present to the court a State of Claim upon which relief can be granted.

    All expenses incurred by the Plaintiff do to these proceeding.

    All past and future loss wages lost due to this incident.

    Pain and suffering sustained by the Plaintiff due to this occurrence.

Doc. 9-1.  On the same day, she filed a Motion for Extention (sic) of Time (Doc. 10) to respond to the Motion to Dismiss in which she claimed that she had not received a copy although it had been mailed to the address listed in the Court's docket sheet.

    On January 2, 2013, plaintiff then filed a Memorandum in Opposition of Defendant's Motion to Dismiss Complaint (Doc. 11) which states in its entirety:

At this time Plaintiff would like to graciously submit this memorandum in opposing Defendant's Motion to Dismiss Plaintiff's complaint for failure to state a claim upon relief.

Plaintiff *Pro Se* is not familiar with the courts processes.

Also, Plaintiff finds much difficulty addressing this sensitive matter.

(Doc. 11).

On January 4, 2013, plaintiff then filed a Motion for Leave to File Amended Complaint (Doc. 12) which corrects "the date of employment to be from May 12, 1997 to February 18, 1997." She had previously alleged that she had been employed by the United States from "May 12, 1997 to February 18, 1997."[1] (Doc. 12-1). Thus, from these new dates, apparently, she is seeking compensation for something that arose in 1997, or at best ended in February of 1998 if this second date is a typographical error.

---

[1] As explained *infra* Ms. Payton has filed exhaustive and often duplicative lawsuits all concerning causes of actions arising out of her employment from January 1, 1999 through May 23, 1999, aboard the USS KANE, a Navy owned and operated vessel, stationed in Manama, Bahrain. See C.A. 10-1014, Doc. 25 at 2.

**Analysis**

A plaintiff's *pro se* complaint is entitled to a liberal reading. *Haines v. Kerner*, 404 U.S. 519 (1972). Nonetheless, a complaint is required to contain " a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a); *Koym v. Fry's Electronics*, 2009 WL 1883763 (W.D.Tex. 2009). Furthermore, *pro se* plaintiffs are not exempt from compliance with procedural rules. *Douglass v. United Services Auto. Ass'n.*, 65 F.3d 452, 455 n. 4 (5th Cir. 1995). In light of plaintiff's status, the Court will grant her Motion to Amend and consider the Amended Complaint. In addition, the Court will grant the Motion for Extension of Time to File an Opposition, and the Court will consider the opposition filed on January 2, 2013, as the pleading to fulfill that granted extension . Nonetheless, this "Complaint" and the "Amended Complaint" fall woefully short of the requirements of Rule 8(a)(2).

At the core of these pleadings, it appears that plaintiff was employed by the United States in 1997; however, there are absolutely no facts provided as to what entity or department of the government by whom she was employed, although she invokes the Jones Act, 28 U.S.C. § 688, as the basis of the claim, which would indicate it was in the capacity of a person considered to be a seaman.

In her Amended Complaint, she states that the claim is brought in "negligence" arising out of her employment with the United States. There is no indication where such negligence occurred. Then, as to when this employment occurred, as per the Amended Complaint, it is for some defalcation that occurred at some point in time from May 12, 1997 to February 18, 1997. Thus, the tort for which she seeks relief, albeit sexual assault, occurred between 15 to 16 years ago.

Actions under the Jones Act are governed by the three-year limitations period set forth in the federal Employers' Liability Act. Thus, plaintiff must commence such a suit "within three years from the day the cause of action accrued." 45 U.S.C. § 56. *Holifield v. Cities Service Tanker Corp.,* 421 F. Supp. 131 (E.D. La. 1976). Clearly, it has been more than three years since she was allegedly employed by the United States. If as contained in her Amended Complaint, she is suing for the negligence of the United States based on her being allegedly sexually assaulted and for which she has "undergone medical treatment which has been linked to this circumstance," likewise such a claim is prescribed. If the claim is for negligence for something that occurred in Louisiana, the cause of action must be filed within one year under La. Civ. Code art. 2315. Thus, it clearly appears that plaintiff's cause of action is barred under either of these statutes of limitations.

Moreover, it appears that Ms. Payton is not as much of a "novice" in the ways of federal court considering that she has appeared as a plaintiff in federal court litigation over ten times since 2000. In the Eastern District of Louisiana, Ms. Payton was a plaintiff in the following cases:

(1) *Gayl Thesese Payton v. Dyn Marine Services, Inc.,* C.A. No. 00-1442, represented by counsel who voluntarily dismissed this seaman suit representing the matter was to be refiled in another jurisdiction.

(2) *Gayl T. Payton v. Dyncorp, Inc., Dynmarine Services, Inc., Dyn Marine Services of Virginia, Inc.,* C.A. No. 00-2128, represented by counsel for damages she purportedly sustained for sexual harassment while serving as a crew member assigned to the USNS KANE which was a vessel owned by the government of the United States. Ms. Payton

settled this matter, and there is the entry of a Satisfaction of Judgment for this claim in the amount of $7500.00 entered on January 28, 2004 releasing all of said defendants.

(3) *Gayl Theresa Payton v. United States of America,* C.A. 00-3321, represented by counsel and prosecuted in this section of Court for which she was awarded $202,500.00 with interest from April 1, 1999 for an unwitnessed slip and fall that occurred on the USNS KANE.

(4) *Payton v. Dyncorp International, Dyn Marine Services of Virginia, Inc., Dyn Marine Services,* C.A. No.10-1014 in which she sought redress for post traumatic stress disorder arising out of an alleged sexual assault. She appeared *pro se* with Judge Zainey presiding. Summary judgment was granted by Judge Zainey based on res judicata and expiration of the statue of limitations. (See No. 2 above–based on alleged sexual assault that occurred between 1/1/99 and 5/23/99; See Doc. 25 of this case for the Order and Reasons).

(5) *Gayl Payton v. The Hartford*, C.A. No. 10-1015 (seeking redress under ERISA for long term disability benefits under Dyncorp International LLC's policy based on the 1999 injuries). Case was dismissed on a Motion for Summary Judgment. (Doc. 23).

(6) *Gayl Payton v. Hartford Life an d Accident Ins. Co.*, C.A. 12-387 (seeking redress under ERISA under the same disability policy which is presently pending before Judge Eldon Fallon.

She apparently has filed four suits in the Eastern District of Texas, Sherman, to which docket sheets this Court does not have access. However, the United States represents that they are noted

to be 4:2010-cv-00097(ERISA related), 4:2010-cv-00143 (civil rights related), 4:2010-cv-00211 (personal injury related0 and 4:2012-cv-00390 (ERISA related). Clearly, Ms. Payton has had a long history and acquaintance with the court system; some might argue that her *pro se* filings are verging on abuse of the system at this juncture. Accordingly,

**IT IS ORDERED** that pro se plaintiff's Motion for Leave to File Amended Complaint (Doc. 9), plaintiff's Motion for Extension of Time (Doc. 10) and plaintiff's Motion for Leave to File Amended Complaint (Doc. 12) are **GRANTED**.

**IT IS FURTHER ORDERED** that United States' Motion to Dismiss for Failure to State a Claim (Doc. 8) is **GRANTED** and judgment shall be entered in favor of the United States and against plaintiff Gayl Therese Payton.

New Orleans, Louisiana, this 10th day of January, 2012.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**